UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRENNON GOVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TESLA MOTORS, INC. | ) |
| | ) |
|    SERVE: | ) |
|    C T CORPORATION SYSTEM | ) |
|    Registered Agent | ) |
|    4701 Cox Rd. | ) |
|    Ste. 285 | ) |
|    Glen Allen, VA, 23060 | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Brennon Groves ("Plaintiff" or "Mr. Groves"), by and through his counsel, submits this Complaint against Defendant Tesla Motors, Inc. ("Defendant" or "Tesla") and alleges as follows:

## NATURE OF ACTION

1. This action states federal and state claims of discrimination against Plaintiff by Defendant pursuant to the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et seq.*, and the Virginians with Disabilities Act, Va. Code Ann.§ 51.5-44, because Defendant discriminated against Plaintiff by refusing to accommodate him because of his disability.

**PARTIES**

2.     Plaintiff Brennon Michael Groves ("Plaintiff" or "Mr. Groves") is a resident and citizen of the State of Maryland.

3.     Tesla Motors, Inc. ("Defendant" or "Tesla") is a foreign corporation organized under the laws of the State of Delaware with its principal place of business located in Austin, Texas.

4.     Tesla Motors, Inc. operates a dealership in Vienna, Virginia located at 8500 Tyco Road, Vienna, Virginia 22182.

5.     Defendant regularly conducts business within this judicial district by operating a commercial facility in Vienna, Virginia.

6.     At the time of the events relevant to this Complaint, Mr. Groves was a patron at Defendant's car dealership in Vienna, Virginia.

**JURISDICTION AND VENUE**

7.     This Court has federal question jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States, specifically, the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101, *et seq*.

8.     This Court has supplemental jurisdiction over Mr. Groves' state law claims against Defendant under 28 U.S.C. § 1367(a) because the facts of the federal and state claims occurred in this judicial district and form part of the same case or controversy.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant conducts business within this judicial district and the events described in this action took place within this judicial district.

## BACKGROUND

10. Plaintiff is a United States Air Force veteran with military service-related post-traumatic stress disorder (PTSD), conversion disorder, and optic nerve hypoplasia with visual loss.

11. These conditions affect Mr. Groves' major life activities. PTSD and conversion disorder affect Mr. Groves' memory, motivation, mood, and sleep. These conditions also cause Mr. Groves difficulty in adapting to stressful circumstances, difficulty in adapting to work, panic attacks, difficulty in adapting to work-like settings, difficulty in establishing and maintaining effective work and social relationships, occupational and social impairment with reduced reliability and productivity, and higher levels of anxiety. Mr. Groves' optic nerve hypoplasia affects his vision, causing visual impairment on his left eye.

12. Mr. Groves is regularly accompanied by his professionally trained and certified service animal, a black Labrador Retriever named Poet. Poet assists Mr. Groves with performing deep pressure input, retrieval and delivery of items, interruptions/alerts, and social facilitation.

13. Poet is trained for public access. When Poet is working or "on-duty," she is trained to always remain under Mr. Groves' control in a variety of different environments and in a manner that is unobtrusive to the public.

14. On November 10, 2022, Mr. Groves visited the Tesla dealership (the "Dealership") located at 8500 Tyco Road, Vienna, Virginia 22182.

15. Mr. Groves intended to shop for and purchase a Tesla vehicle during this visit.

16. While at the Dealership, Mr. Groves selected a Tesla vehicle in which he was interested and began to arrange for a test-drive of the vehicle with a Dealership Representative.

17. Mr. Groves requested that his service dog accompany him in the vehicle he wanted to test drive.

18. Mr. Groves made this request verbally to Luis Fernando Paredes Arrazola ("Paredes Arrazola"), a Dealership Representative at the Tesla dealership.

19. Paredes Arrazola denied this accommodation request, replying to Mr. Groves: "I don't want any dog near or in a car."

20. When Mr. Groves informed Paredes Arrazola that he had a disability and that he could not deny access to his service animal, Paredes Arrazola replied, "I don't care. Either the dog leaves or you both leave."

21. Mr. Groves understood this comment to not only be a denial of his request that Poet accompany him during a test-drive, but also an order that he and Poet leave the Dealership's premises.

22. Following this incident, Mr. Groves reported Paredes Arrazola's conduct to Tesla's corporate offices.

23. Tesla did not respond to Mr. Groves' complaint.

24. Tesla denied Mr. Groves the opportunity to contract for goods or services otherwise afforded to customers without disabilities in a place of public accommodation.

**COUNT I**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101,** *et seq.*

25. The allegations in the foregoing paragraphs are incorporated as if realleged herein.

26. Mr. Groves is a qualified individual with a disability within the meaning of Title III of the ADA.

27.	Mr. Groves' service animal Poet is a professionally trained service animal that provides assistance to Plaintiff Groves within the meaning of Title III of the ADA.

28.	Defendant is required to permit service animals in its premises to accompany people with disabilities. 28 C.F.R. § 36.302(c)(l).

29.	Defendant failed to permit Mr. Groves' service animal Poet to accompany him in the vehicle Mr. Groves wanted to test drive.

30.	Defendant ordered Mr. Groves to leave the Dealership's premises if he continued to require the assistance of his service animal.

31.	Title III of the Americans with Disabilities Act prohibits discrimination on the basis of disability by owners, operators, lessees, and lessors of places of public accommodation. 42 U.S.C. § 12182(a).

32.	Under the ADA, Defendant is considered to own or operate a place of public accommodation as the Defendant's operations affect commerce as a sales establishment. 42 U.S.C. § 12181(7)(E).

33.	Defendant violated Title III of the ADA by denying Mr. Groves an opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation equal to that afforded to non-disabled individuals. 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b).

34.	Under the ADA, the Defendant, a place of public accommodation, is required to make reasonable accommodations in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities. 42 U.S.C. § 12181(7)(E); 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

35. Defendant failed to make reasonable accommodations in its policies, practices, or procedures to afford its services to individuals with disabilities, in violation of Title III of the ADA.

36. Specifically, Tesla failed to implement protections to ensure its employees understood and complied with anti-discrimination law and failed to provide adequate support and recourse to customers who experienced discrimination based on their disability by employees on its premises.

37. Under the ADA, Defendant is prohibited from using standards or criteria that have the effect of discriminating on the basis of disability. 42 U.S.C. § 12182(b)(l)(D); 28 C.F.R. § 36.204.

38. Defendant violated the ADA by using standards or criteria which discriminated against Mr. Groves on the basis of his disabilities.

39. The actions of Defendant were and are in violation of the Americans with Disabilities Act Amendments Act, 42 U.S.C. §§ 12181, et seq., and regulations promulgated thereunder.

40. Mr. Groves is entitled to injunctive relief pursuant to 42 U.S.C. § 12188.

## COUNT II
## DISCRIMINATION
## IN VIOLATION OF THE VIRGINIANS WITH DISABILITIES ACT
## Va. Code Ann. § 51.5-44

41. The allegations in the foregoing paragraphs are incorporated as if realleged herein.

42. Mr. Groves is an "otherwise disabled person" within the meaning of the Virginians with Disabilities Act ("VDA").

43. Mr. Groves' service dog Poet, a black Labrador Retriever, is a professionally trained and certified service dog that performs tasks for the benefit of the disabled Plaintiff within the meaning of the VDA. Poet wears a vest that identifies her as a service dog.

44. The VDA requires places of public accommodation to provide a "person with a disability… full and equal accommodations, advantages, facilities, and privileges of all… places of public accommodation, … to which the general public is invited." Va. Rev. Stat.§ 51.5-44(B).

45. Mr. Groves informed Defendant that he is an individual with a disability and explained the assistance his service dog provided to him and his need for the service dog's continued presence while he shopped at the Dealership.

46. By not allowing Mr. Groves, who has a disability, to test drive the Tesla vehicle because of his service dog, and by ordering Mr. Groves to leave the Dealership's premises because he required the assistance of a service dog, Defendant denied him full and equal access to a place of public accommodation to which the general public is allowed access.

47. Defendant's actions were and are in violation of the VDA.

48. Defendant knew of Mr. Groves' disability, Poet's status as a service animal, and his need for Poet to remain present with him while at the Dealership. The discriminatory conduct of Defendant against Mr. Groves was deliberate and intentional, and in reckless disregard for the rights of Mr. Groves.

49. The actions of Defendant caused Mr. Groves to suffer discrimination, emotional pain and suffering, humiliation, distress, and anxiety for which he is entitled to damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor, and against Defendant, and:

(a) As to Count I,

    a. A permanent injunction pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, requiring Defendant take the steps necessary to ensure its employees who serve as sales representatives at Tesla Dealerships do not unlawfully refuse service to individuals with service animals; and in addition

(b) As to Count II,

    a. A permanent injunction pursuant to the Va. Code Ann. § 51.5-46 requiring Defendant take the steps necessary to ensure its employees who serve as sales representatives at Tesla Dealerships do not unlawfully refuse service to individuals with service animals;

    b. Award Plaintiff compensatory damages on the above-stated Count II in an amount to be determined at trial; and in addition

(c) Award Plaintiff attorneys' fees, expert fees, and costs of this action as may be permitted by law; and in addition

(d) Award Plaintiff such other and further relief as may be appropriate.

Dated:    November 9, 2023    Respectfully,
BRENNON GROVES

_____/s/_____
Joshua Erlich, VA Bar No. 81298
Katherine L. Herrmann, VA Bar No. 83203
Francisco J. Maldonado Andreu, VA Bar No. 98282
THE ERLICH LAW OFFICE, PLLC
1550 Wilson Blvd., Ste. 700

                    Arlington, VA  22209
                    Tel: (703) 791-9087
                    Fax: (703) 722-8114
                    Email: jerlich@erlichlawoffice.com
                              kherrmann@erlichlawoffice.com
                              fmaldonadoandreu@erlichlawoffice.com